IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO.: **1:12-cv-0402 TWP-DKL** |
| v. ) ) | |
| AT&T CORP., ) ) | **COMPLAINT** |
| Defendant. ) ) ) | <u>JURY TRIAL DEMANDED</u> |

<u>NATURE OF THE ACTION</u>

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Lupe Cardona who was adversely affected by such practices. As alleged with greater particularity in paragraph 8 below, Defendant AT&T Corp. failed to provide reasonable accommodation to Lupe Cardona for her disability and discharged her because of her disability.

<u>JURISDICTION AND VENUE</u>

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Indiana.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, AT&T Corp., has continuously been a New York corporation doing business in the State of Indiana and the City of Indianapolis, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Lupe Cardona filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. On or about October 25, 2010, Defendant engaged in unlawful employment practices at its Indianapolis, Indiana facility, in violation of Sections 102(a) and 102(b)(3)(A) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. §12112(a) and 12112(b)(5)(A) as follows:

A. Lupe Cardona, a qualified individual with a disability, had been employed by Defendant as a Customer Sales & Service Specialist since 1984 and could perform her essential job duties with or without accommodation;

B. Beginning in or about January 2010, Ms. Cardona began medical treatment for her disability, Hepatitis C, which substantially limits her liver function.

C. Because of the negative, non-ameliorative and further disabling side effects of her treatment of her impairment, which caused her to be substantially limited in her ability to walk, stand, concentrate, communicate, think, and care for herself, Ms. Cardona was unable to work;

D. Ms. Cardona's supervisor told her to apply for Short Term Disabilty benefits;

E. For reasons related to her disability and treatment thereof, Ms. Cardona applied for FMLA and Short Term Disability benefits, which were granted, and she was on paid leave from approximately June 24, 2010 to October 24, 2010;

F. Following completion of her treatment, Ms. Cardona returned to work without restriction on October 25, 2010, and was discharged for absenteeism on October 27, 2010 for having taken the approved leave to treat her disability;

G. Defendant failed to provide reasonable accommodation to Lupe Cardona for her disability by granting her leave and then counting it as a chargeable absence under Defendant's attendance policy; and

H. Defendant discharged Lupe Cardona because of her disability by discharging her for chargeable absences caused by her disability.

9. The effect of the practices complained of in paragraph 8 above has been to deprive Lupe Cardona of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

10. The unlawful employment practices complained of in paragraph 8 above were intentional.

11. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Lupe Cardona.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it:

1. from failing to provide reasonable accommodation to employees with disabilities by counting absences caused by their disabilities as chargeable absences under its attendance policy; and

2. from discharging employees for absences caused by their disabilities.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Lupe Cardona, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Lupe Cardona and/or front pay.

D. Order Defendant to make whole Lupe Cardona by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 and 11 above, including job search expenses and medical expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Lupe Cardona by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Lupe Cardona punitive damages for its malicious and reckless conduct, as described in paragraph 8 above, in amounts to be determined at trial.

G. Grant such further relief and the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Barbara A. Seely
Regional Attorney

*/s/ Patrick J. Holman*

Patrick J. Holman, Trial Attorney, OBA No. 21216
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Oklahoma City Area Office, St. Louis District
215 Dean A. McGee, Ste. 524
Oklahoma City, Oklahoma 73102
Tel. No.: (405) 231-4363;
Fax No.: (405) 231-5816
Email: patrick.holman@eeoc.gov

ATTORNEY FOR PLAINTIFF EEOC